```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                    MIDDLE DISTRICT OF PENNSYLVANIA


PINNACLE TRANSPORTATION            :
SYSTEMS, INC.,                     :   No. 4:CV-06-1963
                                   :
        Plaintiff,                 :
                                   :
            vs.                    :   Complaint filed 10/04/06
                                   :
EARNEST L. WELCH,                  :
ROBIN N. KITCHENS, SHAWNA M. BANEY,:
AMBER L. HERN, MICHAEL ERDLEY, and :
GALAXY TRANSPORTATION, INC.,       :
                                   :   (Judge Muir)
        Defendants                 :
```

ORDER

February 15, 2007

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On October 25, 2006, Plaintiff Pinnacle Transportation Systems, Inc. (hereinafter "Pinnacle Transportation"), filed an amended eight-count complaint against Defendants Earnest L. Welch, Robin N. Kitchens, Shawna M. Baney, Amber L. Hern, Michael Erdley, and Galaxy Transportation, Inc. (hereinafter "Galaxy Transportation"). Our jurisdiction in this case is based on the diversity of the parties' citizenship. While the Defendants are Pennsylvania citizens, Pinnacle Transportation is a Nevada corporation.

All of the claims in this action stem from various business relationships among the parties. In essence, Pinnacle Transportation alleges that the Defendants have unlawfully used information obtained from Pinnacle Transportation to start their

own business (Galaxy Transportation) which competes directly with Pinnacle Transportation.  Pinnacle Transportation asserts the following specific claims in its amended complaint: 1) Defendants Welch, Kitchens, Baney, and Hern breached their employment contracts with Pinnacle Transportation by, *inter alia*, soliciting its customers, competing against it, and divulging certain confidential information; 2) all of the Defendants tortiously interfered with Pinnacle Transportation's contractual relations; 3) all of the Defendants tortiously interfered with Pinnacle Transportation's business and prospective contractual relations; 4) all of the Defendants misappropriated Pinnacle Transportation's trade secrets; 5) all of the Defendants converted Pinnacle transportation's confidential business information; 6) all of the Defendants competed unfairly against Pinnacle Transportation; 7) Defendants Welch, Kitchens, Baney, and Hern breached the common law duty of loyalty owed to Pinnacle Transportation; and 8) all of the Defendants unlawfully conspired against Pinnacle Transportation.

On December 27, 2006, Defendant Erdley filed a motion to dismiss all of the claims against him.  A brief in support of that motion was filed on January 8, 2007.  Pinnacle Transportation filed its opposition brief on January 26, 2007.  The time allowed for Erdley to file a reply brief expired on February 12, 2007, and to this date no such brief has been filed.

Erdley's motion to dismiss the claims against him is ripe for disposition.

In determining whether a plaintiff has stated a claim upon which relief may be granted, a court must accept the veracity of the plaintiff's allegations. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  Furthermore, "the complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-6 (1957); District Council 47 v. Bradley, 795 F.2d 310 (3d Cir. 1986).  However, the court is "not required to accept legal conclusions either alleged or inferred from the pleaded facts." Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993)(quoting Mescall v. Burrus, 603 F.2d 1266, 1269 (7th Cir. 1979)).

The Court of Appeals for the Third Circuit has further declared that

> [a] plaintiff generally need not explicitly allege the existence of every element in a cause of action if fair notice of the transaction is given and the complaint sets forth the material points necessary to sustain recovery. ... Simply put, the complaint will withstand a Fed.R.Civ.P. 12(b)(6) attack if the material facts as alleged, in addition to inferences drawn from those allegations, provide a basis for recovery.

Menkowitz v. Pottstown Memorial Medical Center, 154 F.3d 113, 124-125 (3d Cir. 1998).  We will apply those concepts to Erdley's motion to dismiss the claims against him.

3

Counts 1 and 7 in Pinnacle Transportation's complaint do not contain any claims against Erdley.  In count 2 Pinnacle Transportation alleges that all of the Defendants tortiously interfered with Pinnacle Transportation's contractual relations. The elements of such a claim are

> (1) the existence of a contractual ... relation between the complainant and a third party; (2) purposeful action on the part of the defendant, specifically intended to harm the existing relation; (3) the absence of privilege or justification on the part of the defendant; and (4) the occasioning of actual legal damage as a result of the defendant's conduct.

Reading Radio, Inc. v. Fink, 833 A.2d 199, 211 (Pa. Super. 2003). The contracts at issue in this count are the employment contracts between Pinnacle Transportation and its former employees which contain the covenants not to compete at issue in this case.

Erdley argues that the claim against him in count 2 should be dismissed because "[t]here is no allegation to support that he took any steps to induce the remaining individual defendants to breach or not perform their alleged contractual obligations." (Brief in Support of Motion to Dismiss, p. 6)

Pinnacle Transportation alleges that "Erdley created and/or began working for Galaxy, in direct competition with Pinnacle," and that "as of August 7, 2006, Erdley was acting as the President of Galaxy." (Complaint, pp. 9-10, ¶30)  In other portions of its complaint Pinnacle Transportation alleges that the other individual Defendants, all of whom were former

4

employees of Pinnacle Transportation, joined Erdley in creating and operating Galaxy Transportation. Paragraph 70 of the complaint contains the allegation that "all Defendants intentionally induced one or more of Welch, Kitchens, Baney and/or Hern to breach some or all of [their respective contractual] obligations ... with the specific intent to harm these existing contractual relations." (Id., p. 24, ¶70)

We are of the view that Pinnacle Transportation's allegations against Erdley adequately state a claim against him for tortiously interfering with Pinnacle Transportation's contractual relations. We will deny Erdley's motion to dismiss that claim against him.

In count 2 Pinnacle Transportation alleges that all of the Defendants tortiously interfered with Pinnacle Transportation's business and prospective contractual relations. The elements of such a claim are

> (1) the existence of a ... prospective contractual relation between the complainant and a third party; (2) purposeful action on the part of the defendant, specifically intended to ... prevent a prospective relation from occurring; (3) the absence of privilege or justification on the part of the defendant; and (4) the occasioning of actual legal damage as a result of the defendant's conduct.

Reading Radio, Inc. v. Fink, 833 A.2d 199, 211 (Pa. Super. 2003). The prospective contracts at issue in this count are Pinnacle Transportation's "continuing present and prospective contractual relations with its Drivers and Customers." (Complaint, p. 25,

¶76) Pinnacle transportation specifically alleges that it "has already lost at least one Customer due to Defendants' actions." (Id., ¶77)

Erdley contends that count 3 does not assert any claim against him because "[t]he Complaint does not state whether there are any contracts between Pinnacle drivers and Pinnacle itself." (Brief in Support of Motion to Dismiss, p. 7)  Erdley fails to recognize that this count also encompasses contracts between Pinnacle Transportation and its customers.  The complaint adequately states a claim against Erdley for allegedly interfering with Pinnacle Transportation's contracts with its customers.  We will deny Erdley's motion to dismiss the claim against him in count 3.

In count 4 Pinnacle Transportation alleges that all of the Defendants misappropriated its trade secrets.  Pennsylvania courts "have generally accepted Section 757 of the Restatement of Torts as the basic outline for [Pennsylvania's] trade secret law." O.D. Anderson v. Cricks, 815 A.2d 1063, 1070 (Pa. Super. 2003).  One portion of that section of the Restatement of Torts provides that "[o]ne who discloses or uses another's trade secret, without a privilege to do so, is liable to another if ... he discovered the secret by improper means, ...." Restatement of Torts § 757 (a); O.D. Anderson v. Cricks, 815 A.2d 1063, 1072

(Pa. Super. 2003); Den-Tal-Ez v. Siemens Cap. Corp., 566 A.2d 1214, 1228-29 (Pa. Super. 1989).

Pinnacle Transportation alleges in its complaint that Welch, Kitchens, Baney, and Hern are using Pinnacle Transportation's trade secrets in their operation of Galaxy Transportation and that such use violates their employment contracts.  In light of the allegation that Erdley is participating in the operation of Galaxy Transportation, it is fair to infer that he is using Pinnacle Transportation's trade secret without a privilege to do so.  The allegations in the complaint adequately state a claim against Erdley for misappropriation of trade secrets in count 4. We will deny Erdley's motion to dismiss the claim against him in that count.

In count 5 Pinnacle Transportation alleges that all of the Defendants converted Pinnacle transportation's confidential business information.  According to Pennsylvania law, the elements of such a claim are

> 1) Plaintiff is the owner of a trade secret. [sic](2) Plaintiff disclosed the trade secret to defendant; or defendant wrongfully took the trade secret from plaintiff without plaintiff's authorization. [sic](3) Defendant was in a legal relation with reference to plaintiff as a result of which defendant's use or disclosure of the trade secret to plaintiff's detriment is wrongful. [sic](4) Defendant has used or disclosed (or will use or disclose) the trade secret to plaintiff's detriment; or, defendant, who knew or should have known of plaintiff's rights in the trade secret, used such secret to plaintiff's detriment.

Greenberg v. Croydon Plastics Co., Inc., 378 F.Supp. 806, 811 (E.D. Pa. 1980)(Lord, C.J.)(citing MacBeth-Evans Glass Co. v. Schnelbach, 239 Pa. 76, 86 A. 688 (1913); Pittsburgh Cut Wire Co. v. Sufrin, 350 Pa. 31, 38 A.2d 33 (1944); Wexler v. Greenberg, 399 Pa. 569, 160 A.2d 430 (1960); Van Products Co. v. General Welding and Fabricating Co., 419 Pa. 248 213 A.2d 769 (1965)).

The property at issue is Pinnacle Transportation's "pricing information, [its] Customer names, addresses, telephone numbers, contact persons, pricing arrangements and preferences, and [its] Drivers [sic] names, addresses, telephone numbers and billing rates." (Amended Complaint, p. 29, ¶96)  In that same paragraph, Pinnacle Transportation alleges the following:

> During and/or following the Individual Defendants['] association with Pinnacle, and in conjunction with creating and/or working for Galaxy, all Defendants ... have used the information gained during Welch['s], Kitchens['s], Baney['s] and Hern's employment at Pinnacle to solicit Pinnacle Drivers, Customers and employees.

(Id., pp. 29-30)

Erdley argues that the allegations relating to him in count 5 are not sufficient to state a claim because 1) "[t]here is no allegation that he obtained any information while performing independent contractor services" for Pinnacle Transportation, and 2) "there is no allegation that he was under a contractual obligation not to utilize any information he may have received." (Brief in Support of Motion to Dismiss, p. 11)  In essence,

Erdley contends that the allegations in the complaint do not establish the third element of a conversion claim (i.e., that he was in a legal relation with reference to Pinnacle Transportation as a result of which his use or disclosure of the trade secret to Pinnacle Transportation's detriment is wrongful).

Pinnacle Transportation contends that "[a] claim for conversion does not require Pinnacle to allege when or how Erdley obtained property or confidential information, only that the possession is unauthorized." (Brief in Opposition to Motion to Dismiss, p. 12)  Pinnacle Transportation cites no authority to support that position.  Our research indicates that the relationship between Pinnacle Transportation and Erdley at the time he acquired the information is a pertinent consideration.

The allegations in the complaint indicate that Erdley's only formal relationship with Pinnacle Transportation was as a driver in the status of an independent contractor.  Pinnacle Transportation has not alleged a sufficient relationship with Erdley at the time he acquired any property or confidential information to hold him liable for conversion.  We will grant Erdley's motion as it relates to the claim against him in count 5.

In count 6 Pinnacle Transportation alleges that all of the Defendants have competed unfairly against it.  Erdley's only argument with respect to the claim against him in this count is

that "[a]s Mr. Erdley has argued above, there is no basis for any of the claims against him and therefore ... Count 6 of [the Amended Complaint] should be dismissed as well." (Brief in Support of Motion to Dismiss, p. 9)  For the reasons discussed above, Erdley's arguments regarding the claims against him in counts 2 through 5 are not convincing.  Because the claims against Erdley in those counts remain viable, we will deny his motion to dismiss the claim against him in count 6.

Erdley's final argument relates to count 8.  Pinnacle Transportation alleges in that count that all of the Defendants have participated in an unlawful civil conspiracy.  Erdley contends that no such claim may be asserted against him because his "sole role in connection with Pinnacle was to provide independent contracting transportation services." (Brief in Support of Motion to Dismiss, p. 9)  Erdley fails to acknowledge or consider the numerous allegations concerning his role in the formation and operation of Galaxy Transportation.  Those allegations sufficiently state a civil conspiracy claim against him.  We will deny Erdley's motion to dismiss the claim against him in count 8.

NOW, THEREFORE, IT IS ORDERED THAT:

1. Erdley's motion (Document 38) to dismiss the claims against him is granted in part and denied in part, as provided in paragraphs 2 and 3 of this order.

2. Erdley's motion to dismiss the claims against him is granted with respect to the claim against him in count 5 of the complaint.

3. Erdley's motion to dismiss the claims against him is denied in all other respects.

```
                              s/Malcolm Muir
                              MUIR, U.S. District Judge
```

MM:gja